UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Jedo Zakaria, | ) | C/A No. 6:25-cv-3970-JDA-WSB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| State of South Carolina, | ) | |
| Greenville Police Department, | | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this civil action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.  Plaintiff is a pretrial detainee and is currently incarcerated at the Greenville County Detention Center.  ECF No. 1 at 2, 4.  Under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review the pleadings filed in this case for relief and submit findings and recommendations to the district court.  For the reasons below, this action is subject to summary dismissal.

## BACKGROUND

Plaintiff commenced this action by filing a Complaint on the standard form seeking relief pursuant to 42 U.S.C. § 1983.  ECF No. 1.   Plaintiff alleges he was arrested based on false allegations that the police made up.  *Id.* at 4.  Plaintiff contends the police got warrants for him "strictly off phone records" but Plaintiff did not have possession of the phone the police claim to be his.  *Id.*  Plaintiff cites to arrest warrants dated August 31, 2024.  *Id.*

Plaintiff was arrested on November 19, 2024, at Berea High School on charges including murder, armed robbery, conspiracy, and obstructing justice.  *Id.* at 8.  Plaintiff is accused of being

1

a party to a felony death. *Id.* However, Plaintiff contends, there were no eye witnesses placing Plaintiff at the scene of the crime. *Id.* Plaintiff contends that police reports stated Plaintiff was identified through cell phone data, providing police with the reason to arrest him. *Id.* Plaintiff contends he lost his phone and it appeared to be found in a vehicle that Plaintiff was not in. *Id.* Plaintiff contends that someone else matched the description of the subject, but Plaintiff was apprehended instead. *Id.* Police officers responding to the incident could not place Plaintiff at the scene without a reasonable doubt. *Id.* Police relied on messages between Plaintiff and his bondsman that occurred on September 14, 2024, as evidence. *Id.* Plaintiff asserts neither the victim nor any witnesses could not place Plaintiff at the scene of the crime. *Id.* Although Plaintiff was arrested without a weapon, he was charged with murder. *Id.*

Plaintiff does not identify any injuries and, for his relief, Plaintiff contends he is "suing for false imprisonment and emotional distress." *Id.* at 6.

The Court takes judicial notice[1] that Plaintiff has been charged in the Greenville County Court of General Sessions with the following crimes: (1) common law robbery, strong arm robbery at case number 2024A2330203961 (indictment number 2025GS2302806), (2) grand larceny at case number 20242330203962 (indictment number 2025GS2302807), (3) murder at case number 2024A2320603275 (indictment number 2025GS2301636), (4) criminal conspiracy at case number 2024A2320603277 (indictment number 2025GS2301635), and (5) obstructing justice at case number 2024A2320603278 (indictment number 2025GS2301509). *See* Greenville County Thirteenth Judicial Circuit Public Index, available at

---

[1] *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining that courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

2

https://publicindex.sccourts.org/Greenville/PublicIndex/PISearch.aspx (last visited May 19, 2025) (search by case number listed above). Plaintiff was indicted on all charges. *Id*.

## STANDARD OF REVIEW

Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute, which authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c) and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court would still be charged with screening Plaintiff's lawsuit to identify cognizable claims or dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

Because Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not

mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Although the Court must liberally construe the *pro se* pleadings and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the pleadings, the Second Amended Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact). "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014).

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (quoting 42 U.S.C. § 1983). To state a claim under § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**DISCUSSION**

Plaintiff's claims are without merit for the reasons below, and the Court finds that Plaintiff cannot allege any set of facts to state constitutional claims. The Complaint is therefore subject to summary dismissal.

*Younger* **Abstention**

Plaintiff's claims are related to the criminal charges pending against him in the Greenville County Court of General Sessions. Plaintiff seeks relief related to alleged constitutional violations related to his arrest, incarceration, and the prosecution of charges pending against him in the state court. ECF No. 1 at 4–8.

To the extent Plaintiff's claims are brought to challenge the charges pending against him or to challenge his present incarceration at the Greenville County Detention Center, such claims are not properly before this Court based on the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971). Granting Plaintiff's requested relief would require this Court to interfere with or enjoin a pending state court criminal proceeding against Plaintiff. Because a federal court may not award relief that would affect pending state proceedings absent extraordinary circumstances, this Court should abstain from interfering with it.

In *Younger*, the Supreme Court of the United States of America held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996) (internal quotation marks omitted). The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger*, 401 U.S. at 43–44; *see Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72–73 (2013) (explaining the circumstances when *Younger* abstention is appropriate).

From *Younger* and its progeny, the United States Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "[1] there are ongoing state judicial proceedings; [2] the proceedings implicate important state interests; and [3] there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citation omitted). Plaintiff is involved in ongoing state criminal proceedings related to the claims at issue in this case, and Plaintiff asks this Court to award relief for alleged constitutional violations; thus, the first element is satisfied. The second element is satisfied because the Supreme Court has explained "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). The third element is also satisfied, as the Supreme Court has noted "that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Gilliam*, 75 F.3d at 903 (citation omitted).

A ruling in Plaintiff's favor in this case would call into question the validity of the state court criminal proceedings against him and would significantly interfere with those ongoing state proceedings. *See Younger*, 401 U.S. at 43–45; *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 52 (4th Cir. 1989) ("[F]ederal courts should abstain from the decision of constitutional challenges to state action, however meritorious the complaint may be, 'whenever [the] federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests.'") (citation omitted); *Washington v. Tilton*, C/A No. 2:10-cv-997-HFF-RSC, 2010 WL 2084383, at *1 (D.S.C. May 19, 2010).

**Failure to State a Claim**

Plaintiff's claims are also subject to dismissal because he has not alleged facts to establish a claim of a constitutional violation that is cognizable under § 1983.

Liberally construed, the Complaint appears to assert that Plaintiff was subjected to an unlawful search and seizure resulting in his arrest. Plaintiff also appears to be asserting claims for false imprisonment and malicious prosecution. "When an unreasonable seizure, arrest or prosecution is alleged, such a claim is governed by the Fourth Amendment." *Grant v. Berkeley Cnty. Sheriff's Off.*, C/A No. 2:24-cv-4262-RMG-MHC, 2024 WL 4291416, at *4 (D.S.C. Sept. 6, 2024), *R&R adopted by* 2024 WL 4286217 (D.S.C. Sept. 25, 2024). The Fourth Amendment protects "against unreasonable searches and seizures." U.S. Const. amend. IV. To establish a § 1983 claim based on a Fourth Amendment violation for false arrest or false imprisonment, a plaintiff must show that a seizure was effected without probable cause. *See Massey v. Ojaniit*, 759 F.3d 343, 356 (4th Cir. 2014); *Brown v. Gilmore*, 278 F.3d 362, 367 (4th Cir. 2002); *Rogers v. Pendleton*, 249 F.3d 279, 294 (4th Cir. 2001); *Brooks v. City of Winston-Salem*, 85 F.3d 178, 183 (4th Cir. 1996). Thus, there is no § 1983 claim for false arrest, false imprisonment, or malicious prosecution unless the officer lacked probable cause.[2] *See Street v. Surdyka*, 492 F.2d 368, 372-

---

[2] "The difference between a false arrest claim and a malicious prosecution claim is significant, as each requires different elements to determine whether the defendant complied with the Fourth Amendment. To establish a § 1983 claim for false arrest in violation of the Fourth Amendment, a plaintiff must show the seizure of his person was unreasonable—*i.e.*, he must show that he was arrested without probable cause." *Burns v. Lott*, C/A No. 3:21-cv-3710-MGL-PJG, 2023 WL 6164347, at *4 (D.S.C. May 22, 2023) (citing *Rogers v. Pendleton*, 249 F.3d 279, 294 (4th Cir. 2001)), *R&R adopted by* 2023 WL 6161985 (D.S.C. Sept. 21, 2023). "Allegations that an arrest made pursuant to a warrant was not supported by probable cause, or claims seeking damages for the period after legal process issued—e.g., post-indictment or arraignment—are considered a § 1983 malicious prosecution claim." *Humbert v. Mayor & City Council of Baltimore City*, 866 F.3d 546, 555 (4th Cir. 2017) (quoting *Brooks v. City of Winston-Salem*, 85 F.3d 178, 182 (4th Cir. 1996)) (internal quotation marks and alteration omitted.

73 (4th Cir. 1974). "[A]n indictment, fair upon its face, returned by a properly constituted grand jury, conclusively determines the existence of probable cause" unless the police officer "deliberately supplied misleading information that influenced the decision." *Massey*, 759 F.3d. at 356-57 (internal quotation marks and citation omitted).

Plaintiff fails to establish a Fourth Amendment violation. Plaintiff alleges that he is falsely accused of crimes he did not commit and there is insufficient evidence to support his arrest and ongoing prosecution. However, Plaintiff was indicted on the charges related to his arrest and for which he is presently detained. "By law, 'an indictment, fair upon its face, returned by a properly constituted grand jury, conclusively determines the existence of probable cause.'" *Smith v. Munday*, 848 F.3d 248, 255 (4th Cir. 2017) (quoting *Durham v. Horner*, 690 F.3d 183, 189 (4th Cir. 2012)). Thus, Plaintiff's claims for false arrest and imprisonment or malicious prosecution fall short of a constitutional violation because "an indictment, fair upon its face, returned by a properly constituted grand jury, conclusively determines the existence of probable cause." *Staggs v. Spartanburg Cnty. Det. Ctr.*, C/A No. 8:22-cv-3852-HMH-JDA, 2022 WL 17742423, at *6 (D.S.C. Nov. 30, 2022). Consequently, Plaintiff cannot establish a claim for false arrest or a claim for malicious prosecution in the instant case. *Breyan v. Cox*, C/A No. 2:24-cv-00975-BHH-MGB, 2024 WL 2884099, at *5 (D.S.C. May 20, 2024), *R&R adopted by* 2024 WL 2882888 (D.S.C. June 7, 2024), *aff'd,* No. 24-6604, 2024 WL 4579413 (4th Cir. Oct. 25, 2024).

To the extent that Plaintiff's allegations are construed as a claim for malicious prosecution, any such claim fails for an additional reason. To state a constitutional claim for malicious prosecution, "a plaintiff must allege that the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated

in plaintiff's favor." *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012).  As to the favorable termination element, the United States Supreme Court recently explained that

> a Fourth Amendment claim under § 1983 for malicious prosecution does not require the plaintiff to show that the criminal prosecution ended with some affirmative indication of innocence.  A plaintiff need only show that the criminal prosecution ended without a conviction.

*Thompson v. Clark*, 596 U.S. 36, 49 (2022).  Plaintiff has not alleged facts showing that the criminal proceedings ended without a conviction.  Plaintiff remains incarcerated on the charges of which he complains, and he seeks relief related to those charges pending against him.  As such, any malicious prosecution claim fails.

**Defendants Entitled to Dismissal**

Finally, both Defendants named in this action are entitled to dismissal.  In a § 1983 civil rights action, a plaintiff must sufficiently allege injury through "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by a "person" acting under color of state law.  42 U.S.C. § 1983.  Thus, a defendant in a § 1983 action must qualify as a "person." *Harden v. Green*, 27 Fed. Appx. 173, 178 (4th Cir. 2001).  "Police departments, buildings, and correctional institutions usually are not considered legal entities subject to suit." *Zikomo v. Johnson*, C/A No. 6:22-cv-1471-DCC-JDA, 2022 WL 5261227, at *5 (D.S.C. June 7, 2022), *R&R adopted by* 2022 WL 5250237 (D.S.C. Oct. 6, 2022), *aff'd*, No. 22-7260, 2023 WL 5624557 (4th Cir. Aug. 31, 2023).  Therefore, the Greenville Police Department is subject to dismissal as it is not a "person" under § 1983.  It is also well-settled that the State of South Carolina is not a person subject to suit under § 1983. *Holtzclaw v. Pittman*, C/A No. 6:25-cv-00025-DCC, 2025 WL 892977, at *2 (D.S.C. Mar. 24, 2025).  "Moreover, the State of South Carolina generally has Eleventh Amendment immunity from a suit for damages brought by a private citizen in federal

court." *Breyan v. South Carolina*, C/A No. 6:24-cv-00317-BHH-MGB, 2024 WL 4627819, at *3 n.4 (D.S.C. Oct. 2, 2024), *R&R adopted by* 2024 WL 4627804 (D.S.C. Oct. 29, 2024); *see also Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 98–99 (1984). The State of South Carolina is therefore protected from Plaintiff's § 1983 claims for monetary damages. *See, e.g., Ackbar v. South Carolina*, C/A No. 4:17-cv-1019-RMG-TER, 2017 WL 2364302, at *1 (D.S.C. May 30, 2017) (finding that South Carolina is entitled to Eleventh Amendment immunity with respect to plaintiff's § 1983 damages claims); *Shuler v. S.C. Dep't of Soc. Servs.*, C/A No. 2:19-cv-1017-MGL-PJG, 2019 WL 2269923, at *2 (D.S.C. May 28, 2019) (same).

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the undersigned recommends that the district court **DISMISS** this action without issuance and service of process and without leave to amend.[3]

**IT IS SO RECOMMENDED**.

s/William S. Brown<br>
United States Magistrate Judge

May 20, 2025
Greenville, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

---

[3] The undersigned finds that leave to amend would be futile for the reasons herein and Plaintiff should therefore not be given an opportunity to file an amended complaint. *See Britt v. DeJoy*, 45 F.4th 790, 798 (4th Cir. 2022); *see also Workman v. Morrison Healthcare*, 724 F. App'x. 280, 281 (4th Cir. June 4, 2018).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 250 East North Street, Suite 2300
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).