IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Jedo Zakaria, | ) | Case No. 6:25-cv-03970-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| The State of South Carolina, | ) | |
| Greenville Police Department, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on a Report and Recommendation ("Report") of the Magistrate Judge. [Doc. 9.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge William S. Brown for pre-trial proceedings.

Plaintiff's pro se Complaint was docketed on May 12, 2025. [Doc. 1.] On May 20, 2025, the Magistrate Judge issued the Report recommending that the matter be summarily dismissed without issuance and service of process and without leave to amend. [Doc. 9.] The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. [*Id*. at 11.] Plaintiff has filed no objections and the time to do so has lapsed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may

accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

The Court has reviewed the record in this case, the applicable law, and the Report of the Magistrate Judge for clear error. Having done so, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. Accordingly, this action is DISMISSED with prejudice[*] and without issuance and service of process.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

---

[*] Plaintiff does not specify in his Complaint what relief he seeks [Doc. 1 at 6 (stating under relief that he is "suing for false imprisonment and emotional distress")], but to the extent he seeks injunctive relief, his claims are dismissed with prejudice, not on the merits, under *Younger v. Harris*, 401 U.S. 37 (1971), *see Nivens v. Gilchrist*, 444 F.3d 237, 247 (4th Cir. 2006) (explaining that "when a district court abstains from a case based on *Younger*, it should typically dismiss the case with prejudice; not on the merits"), and to the extent he seeks money damages, Defendants are not persons within the meaning of 42 U.S.C. § 1983, *see Zikomo v. Johnson*, No. 6:22-cv-1471-DCC-JDA, 2022 WL 5261227, at *5 (D.S.C. June 7, 2022) ("Police departments, buildings, and correctional institutions usually are not considered legal entities subject to suit."), *Report and Recommendation adopted by* 2022 WL 5250237 (D.S.C. Oct. 6, 2022), *aff'd*, No. 22-7260, 2023 WL 5624557 (4th Cir. Aug. 31, 2023); *Holtzclaw v. Pittman*, No. 6:25-cv-00025-DCC, 2025 WL 892977, at *2 (D.S.C. Mar. 24, 2025) (holding that the State of South Carolina is not a person subject to suit under § 1983).

June 18, 2025
Greenville, South Carolina

## **NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.